24.     At this time, BEACH CITIES utilized a "team teach" approach, which meant that Decedent and her fiancé did not have the same instructor for the duration of their certification instruction, but instead received instruction and training from multiple scuba instructors. In fact, Decedent and Stroud had a new and different instructor each and every day they underwent instruction. The practical effect of such was that Defendant BEACH CITIES' instruction was inconsistent from day-to-day, there was a lack of continuity in the subject matter, skills taught, and methods of teaching wherein certain material and critical skills were never covered, and Defendants gave Decedent instructions which directly conflicted with each other's.

25.     At one point, Defendants even signed off on Decedent's log book, which was completely blank and did not identify the skills taught or the Decedent's proficiency in performing such skills.

26.     Defendants conducted all of Decedent's confined water (pool) sessions in one 12-hour day, which Decedent and Stroud struggled to get through.

27.     Despite Decedent's clear inability to perform necessary dive skills, Defendant's failure to maintain a record of any of the skills allegedly taught to Decedent, and Defendants' failure to verify that Decedent actually performed said skills in competent manner, Defendants took Decedent offshore on the *M/V RIVIERA* to conduct her required open water dives.

28.     The subject open water dives occurred in navigable waters and over the course of two days. Again, Decedent was accompanied by a different instructor on each of the two separate days.

29.     During the course of Decedent's open water dives, DOE 2 (RIVIERA CHARTERS, LLC) employed the divemaster and crew members onboard the *M/V RIVIERA*. In this capacity, DOE 2's deckhand and divemaster-employees supervised and participated in the instruction of Decedent and the other students who were diving from the vessel each day. Plaintiff is informed and believes that it is DOE 2's custom and practice to supervise and when necessary, assist, in Defendant BEACH CITIES' open water courses even though they remain on the vessel during such time. Such is exactly what occurred in Decedent's course.

///

SECOND AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

EXHIBIT 1

1    30.    Defendants failed to provide competent and prudent open water diving instruction,

2    commensurate with the standards of care in the industry during all portions of the course, including

3    the confined water sessions and the open water ocean dives from the *M/V RIVIERA*. There was no

4    continuity from day to day because different instructors taught each portion separately. There was

5    no communication between instructors concerning Decedent's progress in the class and competence

6    in performing critical skills necessary to obtain certification. Decedent's open water dives were

7    conducted in poor conditions. The open water dives were conducted with at least one student

8    utilizing a full face mask, which requires training completely different from that which Decedent

9    was supposed to receive. Decedent and other students were left either on the sea floor or on the

10   surface alone. Decedent was not taught how to dive in kelp, which is commonly present throughout

11   popular Southern California dive sites. Decedent was not properly taught how to assemble her

12   equipment, conduct a proper "buddy check," properly weight herself, achieve and maintain neutral

13   buoyancy, achieve positive buoyancy in the event of an emergency, or navigate in commonly-

14   encountered Southern California conditions. Moreover, Decedent's instructors were callous,

15   unsupportive, and indifferent about Decedent's comfort level and competence in performing skills.

16   31.    Nevertheless, despite the above inadequate and improper instruction, supervision,

17   and training, Defendants certified Decedent as an Open Water Diver, signing her logbook and

18   attesting to dives that were never recorded.

19   32.    On or about November 13, 2017, Decedent and her fiancé travelled to Catalina Island

20   with the intention of diving off the popular "Casino Point" dive site.

21   33.    On November 15, 2016, Decedent and Stroud rented the following equipment from

22   Defendant CDS: BCDs, regulators, weights, and tanks. Decedent and Stroud requested to rent

23   cutting tools, and compasses, but Defendant CDS did not have them available at the time of the

24   request.

25   33.    After renting their gear, Decedent and Stroud assembled and donned their equipment

26   and began their dive. Shortly into the dive, Stroud recognized that Decedent was exhibiting signs of

27   distress. He signaled to Decedent to surface and she agreed. Decedent tried kicking to ascend, but

28   continued descending instead. Decedent attempted to inflate her BCD, but it did not inflate. The

SECOND AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

EXhibit 1

1   couple soon found themselves on the seafloor. Stroud attempted to inflate Decedent's BCD, but it

2   still would not inflate. Both Stroud and Decedent panicked and Stroud ascended to the surface and

3   yelled for help.

4        34.   A nearby instructor, who was also diving at the dive site, assisted Stroud and then

5   descended to assist Decedent. When the instructor reached Decedent, she was motionless, not

6   breathing, and tangled in kelp. The instructor found that the low-pressure inflator hose was

7   disconnected from Decedent's power inflator. He brought Decedent to the surface and called for

8   emergency rescue. Marine resources, including the Coast Guard, responded to the scene and

9   transported both Decedent and Stroud to the hyperbaric chamber. Decedent was thereafter

10   pronounced dead.

11        35.   As a result of the occurrence of the incident, there was a potentially disruptive impact

12   on maritime commerce. Marine resources, which should have been available for other maritime

13   events, were utilized here. Catalina Baywatch responded to the scene and entered the marine park to

14   transport both Decedent and Stroud to the hyperbaric chamber. Ultimately, the Los Angeles

15   Sheriff's Department responded to the scene and potentially, the U.S. Coast Guard's resources could

16   have been utilized. Further, diving activity was actually interrupted at Catalina Island as a result of

17   the incident and the incident further created the potential that other tour operators or commercial

18   vessels in the area would be disrupted from conducting their usual activities.

19        36.   The activities which formed the incident were substantially related to traditional

20   maritime activity. As set forth in *McClenahan v. Paradise Cruises, Ltd.* (1995) 888 F.Supp. 120 and

21   *Pettis v. Bosarge Diving, Inc.* (2010) 751 F.Supp.1222, diving from a vessel, whether commercial or

22   noncommercial, is an activity traditionally undertaken by a vessel and thus a traditional maritime

23   activity.

24                    **FIRST CAUSE OF ACTION**

25           **(WRONGFUL DEATH – AS AGAINST ALL DEFENDANTS)**

26        37.   Plaintiffs hereby incorporate by reference Paragraphs 1 through 36 of this Complaint

27   as though fully set forth herein.

28

SECOND AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

EXhibiT 1

1    38.    As set forth above, Plaintiff Jason Lee is the Personal Representative of the Estate of

2    Catherine Yi, Decedent. Plaintiff Nancy Lee is Decedent's Mother.

3    39.    This cause of action arises under the common law remedies laid down in *Leathers v.*

4    *Blessing*, 105 U.S. (15 Otto) 626 (1882), *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008) and the

5    General Maritime Law of the United States and the applicable provisions of the common and

6    statutory law of the State of California. Those remedies are applicable hereto under the choice-of-

7    law principles set forth in *Lauritzen v. Larsen*, 345 U.S. 571 (1953) and *Hellenic Lines v. Rhoditis*,

8    398 U.S. 306 (1970).

9    40.    This Court has concurrent subject matter jurisdiction over this Cause of Action by

10   virtue of the "Savings to Suitors Clause" in 28 U.S.C. § 1333(1) and the California Supreme Court's

11   holding in *Donaldson v. National Marine, Inc.*, (2005) 35 C4th 503.

12   41.    Defendant BEACH CITIES, FALZONE, GRUNDY, SMITH, MOSS, and DOE 2

13   and its employees, agents, contractors, divemasters, and deckhands recklessly, carelessly, and

14   knowingly breached the duties of care owed to Decedent in multiple ways, including but not limited

15   to: (a) failing to use even slight care in providing SCUBA instruction and training to Decedent,

16   commensurate with established industry standards, and (b) failing to use even slight care in

17   certifying Decedent as an Open Water Diver even though she was not competent in the skills

18   required to safely dive as a certified SCUBA diver.

19   42.    Likewise, Defendant CDS recklessly, carelessly, and knowingly breached the duties

20   of care owed to Decedent by, among other things, failing to use even slight care in maintaining its

21   inventory of rental equipment, (b) failing to keep maintenance records for its equipment; and (c)

22   failing to use even slight care in providing to Plaintiff and Yi rental equipment necessary to conduct

23   a safe dive in the local conditions.

24   43.    Defendants acted with reckless disregard for Decedent's safety and health in

25   breaching the duties of care owed to Decedent.

26   44.    As a direct and proximate result of the Defendants' conduct, Decedent died while

27   participating in her first unguided dive following certification.

28   / / /

SECOND AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

EXHiBiT 1

45.     The actions of Defendants were outrageous, undertaken willfully, wantonly, and with reckless or callous disregard for the rights and safety of others, constituted gross negligence, and/or actual malice since these Defendants knew of the probable danger arising from their conduct, practices, and procedures, yet continued to carry them out in the same manner as had caused injury in the past.

46.     More specifically, Defendant BEACH CITIES knew that its "team teaching" approach to teaching Open Water Diving fell below the standard of care applicable to dive instructors and had caused injuries and death to other students in the past. Defendant was aware that the "team teaching" approach prevented instructors from personally verifying competency with previously-taught skills, yet it utilized the approach anyway. In fact, Defendant's conduct in signing off on Plaintiff's logbook even though it was completely blank demonstrates the level of gross negligence undertaken by Defendant and its indifference to Decedent's safety. Defendant BEACH CITIES employed and utilized the very same "team teaching" method it knew was dangerous to its students in willful disregard for the rights and safety of Plaintiff.

47.     Decedent was born on November 8, 1982, and was only 34 years-old on the date of her death. Immediately prior to her death, Decedent was an adult person in excellent physical and mental health and condition, and was the loving and supportive daughter of Plaintiffs.

48.     As a direct and proximate result of Decedent's death, Plaintiffs have suffered the permanent loss of Decedent's care, services, guidance, training, instruction, advice, example, nurture, support, love, affection, devotion, and society, all to their pecuniary damage in an amount in excess of the jurisdictional minimum of the Superior Court.

49.     As a further direct and proximate result of the Defendants' hereinabove alleged conduct, Plaintiffs have incurred funeral expenses, all to their pecuniary damage in an amount to be determined at the time of trial.

**SECOND CAUSE OF ACTION**

**(SURVIVAL ACTION FOR PRE-DEATH PAIN AND SUFFERING – AS AGAINST ALL DEFENDANTS)**

SECOND AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

Exhibit 1

50.     Plaintiffs hereby incorporate by reference Paragraphs 1 through 43 of this Complaint as though fully set forth herein.

51.     As set forth above, Plaintiff JASON LEE has been appointed the personal representative of the estate of Decedent and is entitled to pursue this claim under the General Maritime Law of the United States.

52.     Defendant BEACH CITIES, FALZONE, GRUNDY, SMITH, MOSS, and DOE 2 and its employees, agents, contractors, divemasters, and deckhands recklessly, carelessly, and knowingly breached the duties of care owed to Decedent in multiple ways, including but not limited to: (a) failing to use even slight care in providing SCUBA instruction, supervision, and training to Decedent, commensurate with established industry standards, and (b) failing to use even slight care in certifying Decedent as an Open Water Diver even though she was not competent in the skills required to safely dive as a certified SCUBA diver.

53.     Likewise, Defendant CDS recklessly, carelessly, and knowingly breached the duties of care owed to Decedent by, among other things, (a) failing to use even slight care in maintaining its inventory of rental equipment, (b) failing to keep accurate maintenance records and logs, and (c) failing to use even slight care in providing rental equipment necessary to conduct a safe dive in the local conditions.

54.     As stated hereinabove, as a result of Defendants' actions, Decedent ultimately died during her first unguided dive after certification.

55.     As a direct and proximate result of the Defendants' conduct, Decedent was placed in great fear for her life and physical well-being, and consciously suffered extreme, severe, and relentless mental anguish and physical pain, and continued to suffer such pain and anguish for a substantial period of time, until she ultimately died.

56.     In failing to provide competent instruction and training to Decedent; in failing to maintain the rental equipment rented to Decedent; and in failing to rent necessary safety equipment to Decedent, Defendants acted outrageously, and were guilty of gross negligence, willful, wanton, and reckless indifference for the rights and safety of others, including Plaintiffs, or behavior even

SECOND AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

EXHIBIT 1

1  more deplorable, justifying an award of punitive damages under the General Maritime Law of the

2  United States in an amount to be determined at the time of trial herein.

3    57.    Moreover, the same conduct constituted oppression in that it was despicable and

4  subjected the Decedent to unjust hardship; namely that, Decedent was led to believe she was

5  qualified to dive as an open water diver even though she received poor, insufficient, substandard

6  training and instruction, and that the equipment which was rented to her was both suitable and

7  appropriate for the local diving conditions as well as maintained and in good working order.

8    58.    All of the aforementioned conduct of Defendants justifies the imposition of punitive

9  and exemplary damages under the General Maritime Law of the United States in an amount to be

10  determined at the time of trial herein.

11    59.    Defendant BEACH CITIES, as the employer of Defendants FALZONE, GRUNDY,

12  SMITH and MOSS, and DOE 2, as the employer of the deckhands and divemasters onboard the

13  *M/V RIVIERA* when Decedent conducted her open water dives, had advance knowledge of the

14  unfitness of said instructor, divemasters, and deckhand defendants and nevertheless employed them

15  with a conscious disregard of the rights and safety of others. Defendant BEACH CITIES and DOE 2

16  knew: 1) that Defendants FALZONE, GRUNDY, SMITH, MOSS, and the deckhands and

17  divemasters which participated in the instruction and supervision of Plaintiff's open water dives,

18  were unfit and unqualified to teach open water diving, 2) that the "team teaching" method utilized

19  by Defendants was unsafe and failed to meet industry standards, and 3) that the "team teaching"

20  methodology and its instructors' prior practices had resulted in at least one previous death or serious

21  injury. Yet, Defendants BEACH CITIES and DOE 2 nevertheless employed them in conscious

22  disregard of the rights and safety of others and/or ratified their wrongful conduct.

23    60.    The advance knowledge, conscious disregard of the rights and safety of others,

24  authorization, and/or ratification was on the part of an officer, director, or managing agent of the

25  corporation. Moreover, the acts of the Defendants were undertaken by officers, directors, or

26  managing agents of BEACH CITIES and DOE 2.

27    61.    As with the aforementioned Defendants, Defendant CDS was also guilty of malice

28  and oppression. Namely, by failing to maintain its rental gear in good working order or replace

Exhibit 1

1  rental gear which had become inoperable, unsafe, or obsolete, failing to keep and maintain accurate

2  maintenance records and logs, and by failing to make available equipment necessary to dive the

3  local conditions, Defendant consciously disregarded the rights and safety of Decedent and other

4  divers wanting to rent gear and dive the local dive site and made it more likely that Decedent would

5  become injured or die when diving the local site.

6        62.      Therefore, an imposition of punitive and exemplary damage against all Defendants

7  is warranted.

8  **PRAYER**

9  WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as follows:

10  <u>On the First Cause of Action:</u>

11      1.     For non-pecuniary damages in excess of the jurisdictional limits of the Superior

12  Court;

13      2.     For pecuniary damages according to proof;

14      3.     For funeral expenses;

15      4.     For pre-judgment interest;

16      5.     For costs of suit; and

17      6.     For such other and further relief as the Court may deem just and proper.

18  <u>On the Second Cause of Action:</u>

19      1.     For general damages according to proof;

20      2.     For punitive and exemplary damages;

21      3.     For costs of suit; and

22      4.     For such other and further relief as the Court may deem just and proper.

23  DATED:    January 16, 2019           RYU LAW FIRM

24

25

26                              Francis S. Ryu

27                              Richard A. Lesser

28                              Mindy S. Bae
                             Attorneys for Plaintiffs,
                             JASON LEE and NANCY LEE

12

Exhibit 1

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, and I am over the age of eighteen years. My business address is 423 S. Pacific Coast Highway, Suite 206, Redondo Beach, California 90277.

On the date set forth below, I served the foregoing document described as: **1) SUMMONS RE SECOND AMENDED COMPLAINT; 2) SECOND AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES UNDER GENERAL MARITIME LAW; 3) AMENDMENT TO COMPLAINT RE FICTICIOUS BUSINESS NAME AS TO DOE 2 RIVIERA CHARTERS, LLC; and 4) AMENDMENT TO COMPLAINT RE FICTICIOUS BUSINESS NAME AS TO DOE 3 M/V RIVIERA** on the interested parties in this action, by placing a true copy thereof, enclosed in sealed envelope(s) addressed as follows:

**SEE ATTACHED SERVICE LIST**

[ **X** ]     BY MAIL:  I deposited such envelope(s) in the mail at Redondo Beach, California.

[   ]     AS FOLLOWS:  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service that same day with postage thereon fully prepaid at Redondo Beach, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[   ]     BY PERSONAL SERVICE:  I caused to be delivered such envelope by hand to the addressee as declared in the attachment.

[   ]     BY FACSIMILE TRANSMISSION:  I caused the above-referenced document(s) to be transmitted to the above-named person(s) at the following telecopy number:

[ **X** ]     STATE:  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[   ]     FEDERAL:  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed January 18, 2019, at Redondo Beach, California.

_Annette Houston_
Annette Houston

SECOND AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

Exhibit 1

## SERVICE LIST

*Lee, et al. v. Scuba Mania, Inc. dba Beach Cities Scuba, et al.*
*Case No. BC691786 c/w BC691641 (Lead)*

Mark M. Williams, Esq.
La Follette, Johnson, De Haas, Fesler & Ames
865 S. Figueroa Street, 32nd Floor
Los Angeles, CA 90017
Attorneys for Defendants, SCUBA MANIA, INC. dba BEACH CITIES SCUBA CENTER, JAMES GRUNDY, and JOHN MOSS

Thomas J. Griffin, Esq.
Nelson & Griffin, LLP
555 S. Flower Street, Suite 4200
Los Angeles, CA 90071
Attorneys for Defendant, C & N LINS, INC. dba CATALINA DIVERS SUPPLY

Neil S. Lerner, Esq.
Cox, Wootton, Lerner, Griffin & Hansen, LLP
12011 San Vicente Blvd., Suite 600
Los Angeles, CA 90049
Attorneys for Defendants, ANTHONY FALZONE and RANDY SMITH

Jorge A. Lopez, Esq.
Richard A. Jorgensen, Esq.
Jorgensen & Salberg, LLP
15137 Woodlawn Ave.
Tustin, CA 92780
Attorneys for Plaintiff, ANDREW STROUD

Francis S. Ryu, Esq.
Ryu Law Firm
915 Wilshire Blvd., Suite 1775
Los Angeles, CA 90017
Co-counsel for Plaintiffs, JASON LEE, ESTATE OF CATHERINE YI and NANCY LEE

SECOND AMENDED COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

EXhibiT 1